Brian P. Leitch, Esq.
Daniel M. Lewis, Esq.
Michael J. Canning, Esq.
ARNOLD & PORTER LLP

370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
(303) 863-1000
        - and -
555 Twelfth Street, NW
Washington, DC 20004
(202) 942-5000
        - and -
399 Park Avenue
New York, New York 10022
(212) 715-1000

Lawrence E. Rifken, Esq. (VSB No. 29037)
Douglas M. Foley, Esq. (VSB No. 34364)
David I. Swan, Esq.
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102-4215
(703) 712-5000

*Counsel to the Debtors and Debtors-in-Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. _____ |
| US AIRWAYS, INC., | ) | Chapter 11 |
| | ) | Hon. _____ |
| Debtor. | ) | |
| | ) | |

-----------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. _____ |
| US AIRWAYS GROUP, INC., | ) | Chapter 11 |
| | ) | Hon. _____ |
| Debtor. | ) | |
| | ) | |

-----------------------------------------------------------------------------------------------------

--------------------------------------------------------------------------------

|                                           |   |                              |
|-------------------------------------------|---|------------------------------|
| In re:                                    | ) |                              |
|                                           | ) | Case No. _____        |
| PSA AIRLINES, INC.,                       | ) | Chapter 11                   |
|                                           | ) | Hon. _____        |
|                       Debtor.             | ) |                              |

--------------------------------------------------------------------------------

|                                           |   |                              |
|-------------------------------------------|---|------------------------------|
| In re:                                    | ) |                              |
|                                           | ) | Case No. _____        |
| PIEDMONT AIRLINES, INC.,                  | ) | Chapter 11                   |
|                                           | ) | Hon. _____        |
|                       Debtor.             | ) |                              |

--------------------------------------------------------------------------------

|                                           |   |                              |
|-------------------------------------------|---|------------------------------|
| In re:                                    | ) |                              |
|                                           | ) | Case No. _____        |
| MATERIAL SERVICES COMPANY, INC.,          | ) | Chapter 11                   |
|                                           | ) | Hon. _____        |
|                       Debtor.             | ) |                              |

--------------------------------------------------------------------------------

## MOTION TO AUTHORIZE JOINT ADMINISTRATION OF CASES
## PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)

US Airways Group, Inc. ("Group") and four of its subsidiaries and affiliates (the

"Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"),[1] hereby move this Court (the "Motion") for an order, the

proposed form of which is attached hereto as <u>Exhibit A</u>, authorizing the joint administration

of the Debtors' separate chapter 11 cases for procedural purposes only, pursuant to Rule

1015(b) of the Federal Rules of Bankruptcy Procedure (the "Federal Bankruptcy Rules").

In support of this Motion, the Debtors rely on the Declaration of Bruce R. Lakefield in

---

[1] The Debtors are the following entities: US Airways, Inc., US Airways Group, Inc., PSA Airlines, Inc., Piedmont Airlines, Inc. and Material Services Company, Inc.

Support of Chapter 11 Petitions and First Day Orders, sworn to on September 12, 2004.

In further support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1.      On September 12, 2004 (the "Petition Date"), each of the Debtors filed with the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division (the "Court"), its respective voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code") commencing the above-captioned chapter 11 cases.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      No creditors' committee has yet been appointed in these cases.  No trustee or examiner has been appointed.

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.      The basis for the relief requested herein is Federal Bankruptcy Rule 1015(b).

## BACKGROUND

A.      **Current Business Operations**

5.      US Airways (together with its affiliates)[2] operates the seventh largest airline in the United States.  Through its mainline and commuter operations, it employs approximately 34,000 people in 37 states and the District of Columbia and is the second largest air carrier east of the Mississippi, where more than 60% of the U.S. population

---

[2] Further references to "US Airways" include all operations of US Airways, Inc. and its affiliates, except when otherwise indicated.

resides.  It provides regularly scheduled airline service to close to 200 destinations across

the United States and in Canada, Mexico, the Caribbean and Europe.  US Airways carried

approximately 54 million passengers during 2003.  The Debtors have a fleet that includes

approximately 282 mainline jets, as well as a growing regional jet fleet.

6.     US Airways generated operating revenues of approximately $6.8 billion for

the year ended December 31, 2003.  The Debtors' chapter 11 petitions listed assets of

approximately $8.8 billion (including $2.5 billion of goodwill) and liabilities of approximately

$8.7 billion on a consolidated basis, excluding future aircraft purchase obligations of $2.6

billion and future lease obligations of $4.9 billion.

7.     The Debtors' corporate structure consists of US Airways Group, Inc.

("Group"), its wholly owned subsidiary US Airways, Inc. ("USAI"), three other wholly

owned debtor subsidiaries, Piedmont Airlines, Inc. ("Piedmont"), PSA Airlines, Inc.

("PSA"), and Material Services Company, Inc. ("MSC"), and one non-debtor foreign

insurance subsidiary.

8.     As of July 1, 2004, three mergers took place among Group's subsidiaries.

Allegheny Airlines, Inc. was merged into Piedmont, and US Airways Services Corporation

Inc. (f/k/a MidAtlantic Airways, Inc.) and US Airways Leasing and Sales Inc. were both

merged into USAI.

9.     The Debtors' flight operations encompass the mainline operations of USAI,

as well as commuter operations under the name US Airways Express.  The Debtors'

North American operations have a "hub-and-spoke" structure with primary domestic hubs

in Charlotte and Philadelphia.  US Airways also has a significant presence in Boston, New

York (LaGuardia) and Washington, D.C. (Reagan National), including US Airways Shuttle,

its shuttle operation.  Until recently, Pittsburgh also had served as a primary hub.  While

no longer a hub, Pittsburgh continues to have a material presence in the Company's

system.

**B.     The Previous Chapter 11 Cases**

10.     Each of the Debtors in these cases had previously filed, on August 11,

2002, a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.

During the pendency of the previous chapter 11 cases, the debtors in those cases

continued to operate their businesses as debtors-in-possession.

11.     On March 18, 2003, this Court entered an order confirming the First

Amended Joint Plan of Reorganization of US Airways Group, Inc. and Its Affiliated

Debtors and Debtors-in-Possession, As Modified (the "2003 Plan").  The 2003 Plan

became effective on March 31, 2003 (the "Effective Date") and has been substantially

consummated.  On August 20, 2004, this Court entered an order closing all but one of the

previous chapter 11 cases.  The only purpose of the remaining open case is to complete

the administration of approximately 67 disputed claims.

12.     A key element of the 2003 Plan was that USAI received a $900 million loan

guarantee under the Air Transportation Safety and System Stabilization Act from the Air

Transportation Stabilization Board ("ATSB") in connection with a $1 billion term loan

financing (the "ATSB Loan").  The ATSB Loan was funded on the Effective Date, and is

guaranteed by Group and its other domestic subsidiaries.  The ATSB Loan is also

secured by substantially all otherwise unencumbered assets of Group and its subsidiaries.

As part of receiving the ATSB Loan, the Debtors agreed to a number of financial

covenants, the breach of which would constitute a default under the loan agreements

evidencing the ATSB Loan.

13.     On the Effective Date, and pursuant to the terms of the 2003 Plan, the

Retirement Systems of Alabama Holdings LLC ("RSA") invested $240 million in cash in

exchange for approximately 36.2%, on a fully-diluted basis, of the equity in Group.  As of the Effective Date, in connection with its investment, RSA obtained a voting interest of approximately 71.6% in Group.

14.     Before emerging from chapter 11, US Airways examined every phase of its contracts and operations.  It had (i) reduced its costs by more than $2 billion annually, including more than $1.2 billion in labor cost reductions, (ii) reduced its mainline capacity, (iii) realigned its network to maximize yield, (iv) initiated a business plan to use more (and larger) regional jets and procured financing to acquire these aircraft, and (v) expanded its alliances with other carriers.  Through its 2003 Plan, with the assistance of this Court, and its customers and stakeholders, US Airways had effectively implemented all of the steps that then appeared necessary to compete with the other legacy carriers and return to profitability.

**C.     Adverse Events Since the Effective Date of the Previous Cases**

15.     As is set forth more fully in the Supplemental Brief in Support of First Day Motions filed herewith, US Airways substantially achieved all of the objectives within its control identified in the 2003 Plan.  Nonetheless, since emerging from bankruptcy in March 2003, the Debtors have continued to incur substantial losses from operations.  For the nine-month period ending December 31, 2003, Group had an operating loss of $44 million and a net loss of $174 million.  For the seven-month period ending July 31, 2004, Group had (on an unaudited basis) an operating loss of $51 million and a net loss of $145 million.

16.     Primary factors contributing to these losses include an unprecedented reduction in domestic industry unit revenue and unprecedented increases in fuel prices. The downward pressure on domestic industry unit revenue is the result of the rapid growth of low-fare, low-cost airlines, the increasing transparency of fares available through

Internet sources and other changes in fare structures that result in substantially lower

fares for many business and leisure travelers.  This development, although positive for

consumers, has had a persistent and deleterious effect on the revenue side of the

Debtors' businesses and represents a new paradigm in the airline industry.  Passenger

levels are increasing, but the legacy carriers, like US Airways, are still losing money.

The rapid expansion of low-cost carriers into the marketplace has continued at an

accelerating pace.  These carriers are able to price their products at levels that draw

significant market share from legacy carriers, including US Airways.  At these price levels,

the low-cost carriers make money while the legacy carriers lose money flying substantially

identical flights from substantially identical locations.

17.    At the same time, fuel prices continued at historically high levels.  While

fuel prices are not at the core of US Airways' problems, they have clearly exacerbated the

financial situation and accelerated the time at which the Company was forced to address

its core problems.  That time is now.

18.    Although it was not apparent at the time US Airways emerged from chapter

11, it is now apparent that US Airways must fundamentally transform itself if it is to

survive.  It must compete in every respect with the low-cost carriers.  During 2004, US

Airways' management developed a plan called the "Transformation Plan" for transforming

US Airways into a fully competitive and profitable airline.

19.    Throughout the Spring and Summer of 2004, the Debtors communicated

with key stakeholders and the public US Airways' plan to seek to implement, by

September 2004, the actions needed and the cost reductions necessary to transform the

airline into a viable competitor.  The Debtors aggressively sought to obtain the necessary

agreements to allow full implementation of their Transformation Plan without the need for

filing new chapter 11 cases.  An essential element of the Transformation Plan, however, is

significant reductions in labor costs through changes in the Debtors' collective bargaining

agreements.  The Debtors were not able to achieve those reductions prior to the filing of

these chapter 11 cases.

20.     With losses mounting, available cash declining, and defaults or cross

defaults looming under the Debtors' key agreements with the ATSB, GE, Bombardier,

Embraer, American Express, Bank of America, and others, the Debtors had no practical

alternative but to file for chapter 11 protection again in order to preserve their assets while

attempting to complete implementation of the Transformation Plan.

**D.      Restructuring Goals**

21.     Through the commencement of these new chapter 11 cases, the Debtors

intend to use the chapter 11 process to implement the Transformation Plan.  The Debtors

incorporate by reference herein their Supplemental Brief in Support of First Day Motions

filed contemporaneously herewith for more details on the state of the airline industry and

the Debtors' Transformation Plan.

## RELIEF REQUESTED

22.     The Debtors hereby request that this Court enter an order, substantially in

the form attached hereto as Exhibit A, authorizing the joint administration of the Debtors'

separate chapter 11 cases for procedural purposes only, pursuant to Federal Bankruptcy

Rule 1015(b).

## BASIS FOR RELIEF

23.     Federal Bankruptcy Rule 1015(b) provides that "if two or more petitions are

pending in the same court by or against . . . a debtor and an affiliate, the court may order

a joint administration of the estates" of the debtor and any such affiliates.  The Debtors in

the above-captioned bankruptcy cases include Group and four of Group's domestic

subsidiaries and affiliates.  As reflected in the corporate organizational chart attached

hereto as <u>Exhibit B</u>, Group is a holding company that owns more than 20 percent of each

of the Affiliate Debtors.  As such, the Affiliate Debtors are Group's "affiliates," as that term

is defined in section 101(2) of the Bankruptcy Code[3] and used in Federal Bankruptcy Rule

1015(b).  Therefore, a joint administration of the Debtors' cases is appropriate under

Federal Bankruptcy Rule 1015(b).

24.     Moreover, a joint administration of the Debtors' estates will be less

expensive and more efficient than a separate administration of the Debtors' estates

because a joint administration will permit the Clerk of the Court to use a single, general

docket for the Debtors' cases and to combine notices to creditors and other parties in

interest of the Debtors' respective estates.  Indeed, the Debtors anticipate that numerous

notices, applications, motions, other pleadings, and orders, as well as hearings and other

proceedings, in these cases will affect several or all of the Debtors.

25.     A joint administration of the Debtors' estates will also avoid duplicative and

potentially confusing filings by permitting counsel for all parties in interest to (i) use a

single caption on the numerous documents that will be filed and served in the Debtors'

bankruptcy cases, and (ii) file documents in one of the Debtors' bankruptcy cases rather

than in multiple cases, provided, however, that all schedules of assets and liabilities,

---

[3] One of the several definitions of "affiliate" under section 101(2) of the Bankruptcy Code is as
follows:

> [A] corporation 20 percent or more of whose outstanding voting securities are
> directly or indirectly owned, controlled, or held with power to vote, by the debtor, or
> by an entity that directly or indirectly owns, controls, or holds with power to vote, 20
> percent or more of the outstanding voting securities of the debtor, other than an
> entity that holds such securities–-
>          (i) in a fiduciary or agency capacity without sole discretionary power to
> vote such securities; or
>          (ii) solely to secure a debt, if such entity has not in fact exercised such
> power to vote.

11 U.S.C. § 101(2).

statements of financial affairs, and proofs of claims will be captioned and filed in each of

the Debtors' respective, separate cases, as appropriate.  In addition, a joint administration

will protect parties in interest by ensuring that parties affected by each of the Debtors'

respective chapter 11 cases will be apprised of the various matters before the Court in

those cases.

26.    The rights of the respective creditors of each of the Debtors will not be

adversely affected by a joint administration of these cases because the relief requested in

this Motion is purely procedural and in no way affects any party's substantive rights.  Each

creditor and other party in interest will maintain whatever claims, interests, or other rights

it has in or against a particular Debtor and that Debtor's estate.

27.    In furtherance of the foregoing, the Debtors request that this Court

establish the following official caption to be used by all parties in all pleadings in the

Debtors' jointly administered cases, except as otherwise specifically provided herein:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| In re: | |
| | Case No. _____ |
| US AIRWAYS, INC., <u>et al.</u>, | Jointly Administered |
| | Chapter 11 |
| Debtors. | Hon. _____ |

28.    The Debtors submit that all parties' use of the simplified caption designated

immediately above, without reference to the Debtors' respective states of incorporation

and tax identification numbers, will eliminate cumbersome and confusing procedures and

ensure a uniformity of pleading identification.

29.    Moreover, precisely the same relief requested herein was granted by this

Court in the Debtors' previous chapter 11 cases and similar relief was granted by the

bankruptcy court in the pending chapter 11 cases of United Airlines.  See In re US

Airways Group, Inc., Case No. 02-83984 (Bankr. E.D. Va. Aug. 12, 2002) (Docket No. 56);

In re UAL Corp., Case No. 02B-48191 (Bankr. N.D. Ill. Dec. 11, 2002) (Docket No. 232).

Similar relief has also been routinely granted by other courts in the Eastern District of

Virginia in other large chapter 11 cases.  See, e.g., In re Motient Corp., Case No. 02-

80125 (Bankr. E.D. Va. Jan. 11, 2002) (Docket No. 32); In re AMF Bowling Worldwide,

Inc., Case No. 01-61119 (Bankr. E.D. Va. July 3, 2001) (Docket No. 39); In re Heilig

Meyers Co., Case No. 00-34533 (Bankr. E.D. Va. Aug. 16, 2000) (Docket No. 6).

## WAIVER OF MEMORANDUM OF LAW

30.    Pursuant to Local Rule 9013-1(G) and because there are no novel issues

of law presented in this Motion, the Debtors request that this Court waive the requirement

that all motions be accompanied by a written memorandum of law.

## NO PRIOR REQUEST

31.    No prior motion for the relief requested herein has been made to this Court

in these bankruptcy cases.  Similar relief, however, was requested from and granted by

this Court in the Debtors' previous chapter 11 bankruptcy cases.  See In re US Airways

Group, Inc., Case No. 02-83984 (Bankr. E.D. Va. Aug. 12, 2002) (Docket No. 56).


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]
[SIGNATURE PAGE TO FOLLOW]

**WHEREFORE,** the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as Exhibit A, (i) authorizing and directing the joint administration of the Debtors' bankruptcy cases pursuant to the protocols set forth herein, and (ii) granting such other and further relief as is just and proper.

Dated: McLean, Virginia
        September 12, 2004

Respectfully Submitted,

Brian P. Leitch, Esq.
Daniel M. Lewis, Esq.
Michael J. Canning, Esq.
ARNOLD & PORTER LLP

370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
(303) 863-1000
      - and -
555 Twelfth Street, NW
Washington, DC 20004
(202) 942-5000
      - and -
399 Park Avenue
New York, New York 10022
(212) 715-1000

- and -


 /s/ Lawrence E. Rifken
Lawrence E. Rifken, Esq. (VSB No. 29037)
Douglas M. Foley, Esq. (VSB No. 34364)
David I. Swan, Esq.
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102-4215
(703) 712-5000

*Counsel to the Debtors and*
*Debtors-in-Possession*

## EXHIBIT A

Brian P. Leitch, Esq.
Daniel M. Lewis, Esq.
Michael J. Canning, Esq.
ARNOLD & PORTER LLP

370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
(303) 863-1000
            - and -
555 Twelfth Street, NW
Washington, DC 20004
(202) 942-5000
            - and -
399 Park Avenue
New York, New York 10022
(212) 715-1000

Lawrence E. Rifken, Esq. (VSB No. 29037)
Douglas M. Foley, Esq. (VSB No. 34364)
David I. Swan, Esq.
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102-4215
(703) 712-5000

*Counsel to the Debtors and Debtors-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| US AIRWAYS, INC., | ) | Case No. _____ |
| | ) | Chapter 11 |
| | ) | Hon. _____ |
| Debtor. | ) | |
| | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| US AIRWAYS GROUP, INC., | ) | Case No. _____ |
| | ) | Chapter 11 |
| | ) | Hon. _____ |
| Debtor. | ) | |
| | ) | |

1

...................................................................................................................
|  |  |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. _____ |
| PSA AIRLINES, INC., | ) Chapter 11 |
| | ) Hon. _____ |
| Debtor. | ) |
| | ) |

...................................................................................................................
|  |  |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. _____ |
| PIEDMONT AIRLINES, INC., | ) Chapter 11 |
| | ) Hon. _____ |
| Debtor. | ) |
| | ) |

...................................................................................................................
|  |  |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. _____ |
| MATERIAL SERVICES COMPANY, INC., | ) Chapter 11 |
| | ) Hon. _____ |
| Debtor. | ) |
| | ) |

_____

### ORDER GRANTING MOTION TO AUTHORIZE JOINT ADMINISTRATION OF CASES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)

THIS MATTER having come before this Court upon the Motion to Authorize Joint

Administration of Cases Pursuant to Federal Rule of Bankruptcy Procedure 1015(b) (the

"Motion"),[1] wherein US Airways Group, Inc. ("Group") and four of its subsidiaries and

affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession in the above-

captioned cases (collectively, the "Debtors"),[2] moved this Court for an order authorizing

the joint administration of the Debtors' separate chapter 11 cases for procedural purposes

only, the Court finds that (i) it has jurisdiction over the matters raised in the Motion

_____

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

[2] The Debtors are the following entities: US Airways, Inc., US Airways Group, Inc., PSA Airlines, Inc., Piedmont Airlines, Inc. and Material Services Company, Inc.

pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2), (iii) the relief requested in the Motion is in the best interests of the

Debtors, their estates, and their creditors, (iv) proper and adequate notice of the Motion

and the hearing thereon has been given and that no other or further notice is necessary,

and (v) good and sufficient cause exists for the granting of the relief requested in the

Motion after having given due deliberation upon the Motion and all of the proceedings had

before the Court in connection with the Motion.  Therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED.

2.      The above-captioned cases are consolidated for procedural purposes only

and shall be administered jointly under Case No. **[_____]** in accordance with the

provisions of Federal Bankruptcy Rule 1015(b), and the joint caption of the cases shall

read as it appears immediately below:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| In re: | |
| | Case No. _____ |
| US AIRWAYS, INC., <u>et al.</u>, | Jointly Administered |
| | Chapter 11 |
| Debtors. | Hon. _____ |

3.      Subject to paragraph 4 of this order, all original pleadings shall be

captioned as indicated in the preceding decretal paragraph, all original docket entries shall

be made in the case of US Airways, Inc., Case No. **[_____]**, and a docket entry

shall be made in the other Debtors' chapter 11 cases substantially as follows:

3

> An order has been entered in this case consolidating this case with the case of US Airways, Inc., Case No. [_____] for procedural purposes only and providing for its joint administration in accordance with the terms thereof.

4.      All schedules of assets and liabilities, statements of financial affairs, and proofs of claims shall be captioned and filed in each of the Debtors' respective, separate cases, as appropriate.  All other documents shall be captioned and filed solely in the lead case unless otherwise ordered by the Court.

Dated: Alexandria, Virginia
_____, 2004

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Brian P. Leitch, Esq.
Daniel M. Lewis, Esq.
Michael J. Canning, Esq.
ARNOLD & PORTER LLP

370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
(303) 863-1000
            - and -
555 Twelfth Street, NW
Washington, DC 20004
(202) 942-5000
            - and -
399 Park Avenue
New York, New York 10022
(212) 715-1000

            - and -


_____
Lawrence E. Rifken, Esq. (VSB No. 29037)
Douglas M. Foley, Esq. (VSB No. 34364)
David I. Swan, Esq.
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102-4215
(703) 712-5000

*Counsel to the Debtors and
Debtors-in-Possession*

## EXHIBIT B

## Corporate Organizational Chart



\\FIN\202695