Brian P. Leitch, Esq.
Daniel M. Lewis, Esq.
Michael J. Canning, Esq.
ARNOLD & PORTER LLP

370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
(303) 863-1000
          - and -
555 Twelfth Street, NW
Washington, DC 20004
(202) 942-5000
          - and -
399 Park Avenue
New York, New York 10022
(212) 715-1000

Lawrence E. Rifken, Esq. (VSB No. 29037)
Douglas M. Foley, Esq. (VSB No. 34364)
David I. Swan, Esq.
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102-4215
(703) 712-5000

*Counsel to the Debtors and Debtors-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. _____ |
| US AIRWAYS, INC., | ) | Chapter 11 |
| | ) | Hon. _____ |
| Debtor. | ) | |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. _____ |
| US AIRWAYS GROUP, INC., | ) | Chapter 11 |
| | ) | Hon. _____ |
| Debtor. | ) | |

```
                                           )
                                           )
                                           )
In re:                                     )
                                           )    Case No. _____
PSA AIRLINES, INC.,                        )    Chapter 11
                                           )    Hon. _____
            Debtor.                        )
                                           )

                                           )
In re:                                     )
                                           )
                                           )    Case No. _____
PIEDMONT AIRLINES, INC.,                   )    Chapter 11
                                           )    Hon. _____
            Debtor.                        )
                                           )

                                           )
In re:                                     )
                                           )    Case No. _____
MATERIAL SERVICES COMPANY, INC.,           )    Chapter 11
                                           )    Hon. _____
            Debtor.                        )
                                           )
```

**MOTION TO AUTHORIZE JOINT ADMINISTRATION OF CASES
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)**

US Airways Group, Inc. ("Group") and four of its subsidiaries and affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby move this Court (the "Motion") for an order, the proposed form of which is attached hereto as <u>Exhibit A</u>, authorizing the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Federal Bankruptcy Rules"). In support of this Motion, the Debtors rely on the Declaration of Bruce R. Lakefield in

---

[1] The Debtors are the following entities: US Airways, Inc., US Airways Group, Inc., PSA Airlines, Inc., Piedmont Airlines, Inc. and Material Services Company, Inc.

2

Support of Chapter 11 Petitions and First Day Orders, sworn to on September 12, 2004. In further support of this Motion, the Debtors respectfully represent as follows:

### JURISDICTION

1. On September 12, 2004 (the "Petition Date"), each of the Debtors filed with the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division (the "Court"), its respective voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code") commencing the above-captioned chapter 11 cases. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. No creditors' committee has yet been appointed in these cases. No trustee or examiner has been appointed.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The basis for the relief requested herein is Federal Bankruptcy Rule 1015(b).

### BACKGROUND

**A.    Current Business Operations**

5. US Airways (together with its affiliates)[2] operates the seventh largest airline in the United States. Through its mainline and commuter operations, it employs approximately 34,000 people in 37 states and the District of Columbia and is the second largest air carrier east of the Mississippi, where more than 60% of the U.S. population

---

[2] Further references to "US Airways" include all operations of US Airways, Inc. and its affiliates, except when otherwise indicated.

3

resides. It provides regularly scheduled airline service to close to 200 destinations across the United States and in Canada, Mexico, the Caribbean and Europe. US Airways carried approximately 54 million passengers during 2003. The Debtors have a fleet that includes approximately 282 mainline jets, as well as a growing regional jet fleet.

6. US Airways generated operating revenues of approximately $6.8 billion for the year ended December 31, 2003. The Debtors' chapter 11 petitions listed assets of approximately $8.8 billion (including $2.5 billion of goodwill) and liabilities of approximately $8.7 billion on a consolidated basis, excluding future aircraft purchase obligations of $2.6 billion and future lease obligations of $4.9 billion.

7. The Debtors' corporate structure consists of US Airways Group, Inc. ("Group"), its wholly owned subsidiary US Airways, Inc. ("USAI"), three other wholly owned debtor subsidiaries, Piedmont Airlines, Inc. ("Piedmont"), PSA Airlines, Inc. ("PSA"), and Material Services Company, Inc. ("MSC"), and one non-debtor foreign insurance subsidiary.

8. As of July 1, 2004, three mergers took place among Group's subsidiaries. Allegheny Airlines, Inc. was merged into Piedmont, and US Airways Services Corporation Inc. (f/k/a MidAtlantic Airways, Inc.) and US Airways Leasing and Sales Inc. were both merged into USAI.

9. The Debtors' flight operations encompass the mainline operations of USAI, as well as commuter operations under the name US Airways Express. The Debtors' North American operations have a "hub-and-spoke" structure with primary domestic hubs in Charlotte and Philadelphia. US Airways also has a significant presence in Boston, New York (LaGuardia) and Washington, D.C. (Reagan National), including US Airways Shuttle, its shuttle operation. Until recently, Pittsburgh also had served as a primary hub. While

no longer a hub, Pittsburgh continues to have a material presence in the Company's system.

**B.      The Previous Chapter 11 Cases**

10.    Each of the Debtors in these cases had previously filed, on August 11, 2002, a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. During the pendency of the previous chapter 11 cases, the debtors in those cases continued to operate their businesses as debtors-in-possession.

11.    On March 18, 2003, this Court entered an order confirming the First Amended Joint Plan of Reorganization of US Airways Group, Inc. and Its Affiliated Debtors and Debtors-in-Possession, As Modified (the "2003 Plan"). The 2003 Plan became effective on March 31, 2003 (the "Effective Date") and has been substantially consummated. On August 20, 2004, this Court entered an order closing all but one of the previous chapter 11 cases. The only purpose of the remaining open case is to complete the administration of approximately 67 disputed claims.

12.    A key element of the 2003 Plan was that USAI received a $900 million loan guarantee under the Air Transportation Safety and System Stabilization Act from the Air Transportation Stabilization Board ("ATSB") in connection with a $1 billion term loan financing (the "ATSB Loan"). The ATSB Loan was funded on the Effective Date, and is guaranteed by Group and its other domestic subsidiaries. The ATSB Loan is also secured by substantially all otherwise unencumbered assets of Group and its subsidiaries. As part of receiving the ATSB Loan, the Debtors agreed to a number of financial covenants, the breach of which would constitute a default under the loan agreements evidencing the ATSB Loan.

13.    On the Effective Date, and pursuant to the terms of the 2003 Plan, the Retirement Systems of Alabama Holdings LLC ("RSA") invested $240 million in cash in

5

exchange for approximately 36.2%, on a fully-diluted basis, of the equity in Group. As of the Effective Date, in connection with its investment, RSA obtained a voting interest of approximately 71.6% in Group.

14.  Before emerging from chapter 11, US Airways examined every phase of its contracts and operations. It had (i) reduced its costs by more than $2 billion annually, including more than $1.2 billion in labor cost reductions, (ii) reduced its mainline capacity, (iii) realigned its network to maximize yield, (iv) initiated a business plan to use more (and larger) regional jets and procured financing to acquire these aircraft, and (v) expanded its alliances with other carriers. Through its 2003 Plan, with the assistance of this Court, and its customers and stakeholders, US Airways had effectively implemented all of the steps that then appeared necessary to compete with the other legacy carriers and return to profitability.

C.  **Adverse Events Since the Effective Date of the Previous Cases**

15.  As is set forth more fully in the Supplemental Brief in Support of First Day Motions filed herewith, US Airways substantially achieved all of the objectives within its control identified in the 2003 Plan. Nonetheless, since emerging from bankruptcy in March 2003, the Debtors have continued to incur substantial losses from operations. For the nine-month period ending December 31, 2003, Group had an operating loss of $44 million and a net loss of $174 million. For the seven-month period ending July 31, 2004, Group had (on an unaudited basis) an operating loss of $51 million and a net loss of $145 million.

16.  Primary factors contributing to these losses include an unprecedented reduction in domestic industry unit revenue and unprecedented increases in fuel prices. The downward pressure on domestic industry unit revenue is the result of the rapid growth of low-fare, low-cost airlines, the increasing transparency of fares available through

6

Internet sources and other changes in fare structures that result in substantially lower fares for many business and leisure travelers.  This development, although positive for consumers, has had a persistent and deleterious effect on the revenue side of the Debtors' businesses and represents a new paradigm in the airline industry.  Passenger levels are increasing, but the legacy carriers, like US Airways, are still losing money.  The rapid expansion of low-cost carriers into the marketplace has continued at an accelerating pace.  These carriers are able to price their products at levels that draw significant market share from legacy carriers, including US Airways.  At these price levels, the low-cost carriers make money while the legacy carriers lose money flying substantially identical flights from substantially identical locations.

17. At the same time, fuel prices continued at historically high levels.  While fuel prices are not at the core of US Airways' problems, they have clearly exacerbated the financial situation and accelerated the time at which the Company was forced to address its core problems.  That time is now.

18. Although it was not apparent at the time US Airways emerged from chapter 11, it is now apparent that US Airways must fundamentally transform itself if it is to survive.  It must compete in every respect with the low-cost carriers.  During 2004, US Airways' management developed a plan called the "Transformation Plan" for transforming US Airways into a fully competitive and profitable airline.

19. Throughout the Spring and Summer of 2004, the Debtors communicated with key stakeholders and the public US Airways' plan to seek to implement, by September 2004, the actions needed and the cost reductions necessary to transform the airline into a viable competitor.  The Debtors aggressively sought to obtain the necessary agreements to allow full implementation of their Transformation Plan without the need for

7

filing new chapter 11 cases.  An essential element of the Transformation Plan, however, is significant reductions in labor costs through changes in the Debtors' collective bargaining agreements.  The Debtors were not able to achieve those reductions prior to the filing of these chapter 11 cases.

20. With losses mounting, available cash declining, and defaults or cross defaults looming under the Debtors' key agreements with the ATSB, GE, Bombardier, Embraer, American Express, Bank of America, and others, the Debtors had no practical alternative but to file for chapter 11 protection again in order to preserve their assets while attempting to complete implementation of the Transformation Plan.

**D.     Restructuring Goals**

21. Through the commencement of these new chapter 11 cases, the Debtors intend to use the chapter 11 process to implement the Transformation Plan.  The Debtors incorporate by reference herein their Supplemental Brief in Support of First Day Motions filed contemporaneously herewith for more details on the state of the airline industry and the Debtors' Transformation Plan.

**RELIEF REQUESTED**

22. The Debtors hereby request that this Court enter an order, substantially in the form attached hereto as Exhibit A, authorizing the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only, pursuant to Federal Bankruptcy Rule 1015(b).

**BASIS FOR RELIEF**

23. Federal Bankruptcy Rule 1015(b) provides that "if two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates" of the debtor and any such affiliates.  The Debtors in the above-captioned bankruptcy cases include Group and four of Group's domestic

8

subsidiaries and affiliates. As reflected in the corporate organizational chart attached hereto as Exhibit B, Group is a holding company that owns more than 20 percent of each of the Affiliate Debtors. As such, the Affiliate Debtors are Group's "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code[3] and used in Federal Bankruptcy Rule 1015(b). Therefore, a joint administration of the Debtors' cases is appropriate under Federal Bankruptcy Rule 1015(b).

24. Moreover, a joint administration of the Debtors' estates will be less expensive and more efficient than a separate administration of the Debtors' estates because a joint administration will permit the Clerk of the Court to use a single, general docket for the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Indeed, the Debtors anticipate that numerous notices, applications, motions, other pleadings, and orders, as well as hearings and other proceedings, in these cases will affect several or all of the Debtors.

25. A joint administration of the Debtors' estates will also avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (i) use a single caption on the numerous documents that will be filed and served in the Debtors' bankruptcy cases, and (ii) file documents in one of the Debtors' bankruptcy cases rather than in multiple cases, provided, however, that all schedules of assets and liabilities,

---

[3] One of the several definitions of "affiliate" under section 101(2) of the Bankruptcy Code is as follows:

> [A] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities–-
>    (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>    (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote.

11 U.S.C. § 101(2).

statements of financial affairs, and proofs of claims will be captioned and filed in each of the Debtors' respective, separate cases, as appropriate.  In addition, a joint administration will protect parties in interest by ensuring that parties affected by each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in those cases.

26. The rights of the respective creditors of each of the Debtors will not be adversely affected by a joint administration of these cases because the relief requested in this Motion is purely procedural and in no way affects any party's substantive rights.  Each creditor and other party in interest will maintain whatever claims, interests, or other rights it has in or against a particular Debtor and that Debtor's estate.

27. In furtherance of the foregoing, the Debtors request that this Court establish the following official caption to be used by all parties in all pleadings in the Debtors' jointly administered cases, except as otherwise specifically provided herein:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) ) | |
|  | ) | Case No. _____ |
| US AIRWAYS, INC., et al., | ) ) | Jointly Administered Chapter 11 |
| Debtors. | ) | Hon. _____ |
|  | ) | |
| _____ | ) | |

28. The Debtors submit that all parties' use of the simplified caption designated immediately above, without reference to the Debtors' respective states of incorporation and tax identification numbers, will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

29. Moreover, precisely the same relief requested herein was granted by this Court in the Debtors' previous chapter 11 cases and similar relief was granted by the bankruptcy court in the pending chapter 11 cases of United Airlines. See In re US Airways Group, Inc., Case No. 02-83984 (Bankr. E.D. Va. Aug. 12, 2002) (Docket No. 56); In re UAL Corp., Case No. 02B-48191 (Bankr. N.D. Ill. Dec. 11, 2002) (Docket No. 232). Similar relief has also been routinely granted by other courts in the Eastern District of Virginia in other large chapter 11 cases. See, e.g., In re Motient Corp., Case No. 02-80125 (Bankr. E.D. Va. Jan. 11, 2002) (Docket No. 32); In re AMF Bowling Worldwide, Inc., Case No. 01-61119 (Bankr. E.D. Va. July 3, 2001) (Docket No. 39); In re Heilig Meyers Co., Case No. 00-34533 (Bankr. E.D. Va. Aug. 16, 2000) (Docket No. 6).

## WAIVER OF MEMORANDUM OF LAW

30. Pursuant to Local Rule 9013-1(G) and because there are no novel issues of law presented in this Motion, the Debtors request that this Court waive the requirement that all motions be accompanied by a written memorandum of law.

## NO PRIOR REQUEST

31. No prior motion for the relief requested herein has been made to this Court in these bankruptcy cases. Similar relief, however, was requested from and granted by this Court in the Debtors' previous chapter 11 bankruptcy cases. See In re US Airways Group, Inc., Case No. 02-83984 (Bankr. E.D. Va. Aug. 12, 2002) (Docket No. 56).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]
[SIGNATURE PAGE TO FOLLOW]

**WHEREFORE,** the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, (i) authorizing and directing the joint administration of the Debtors' bankruptcy cases pursuant to the protocols set forth herein, and (ii) granting such other and further relief as is just and proper.

Dated: McLean, Virginia  
       September 12, 2004

Respectfully Submitted,

Brian P. Leitch, Esq.  
Daniel M. Lewis, Esq.  
Michael J. Canning, Esq.  
ARNOLD & PORTER LLP

370 Seventeenth Street, Suite 4500  
Denver, Colorado 80202  
(303) 863-1000  
     - and -  
555 Twelfth Street, NW  
Washington, DC 20004  
(202) 942-5000  
     - and -  
399 Park Avenue  
New York, New York 10022  
(212) 715-1000

- and -

 /s/ Lawrence E. Rifken  
Lawrence E. Rifken, Esq. (VSB No. 29037)  
Douglas M. Foley, Esq. (VSB No. 34364)  
David I. Swan, Esq.  
McGUIREWOODS LLP  
1750 Tysons Boulevard, Suite 1800  
McLean, Virginia 22102-4215  
(703) 712-5000

*Counsel to the Debtors and Debtors-in-Possession*

**EXHIBIT A**

Brian P. Leitch, Esq.
Daniel M. Lewis, Esq.
Michael J. Canning, Esq.
ARNOLD & PORTER LLP

370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
(303) 863-1000
    - and -
555 Twelfth Street, NW
Washington, DC 20004
(202) 942-5000
    - and -
399 Park Avenue
New York, New York 10022
(212) 715-1000

Lawrence E. Rifken, Esq. (VSB No. 29037)
Douglas M. Foley, Esq. (VSB No. 34364)
David I. Swan, Esq.
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102-4215
(703) 712-5000

*Counsel to the Debtors and Debtors-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. _____ |
| US AIRWAYS, INC., ) | Chapter 11 |
| ) | Hon. _____ |
|     Debtor. ) | |

| | |
|---|---|
| In re: ) | |
| ) | Case No. _____ |
| US AIRWAYS GROUP, INC., ) | Chapter 11 |
| ) | Hon. _____ |
|     Debtor. ) | |

1

```
..................................................................................................
                                           )
In re:                                     )
                                           )    Case No. _____
PSA AIRLINES, INC.,                        )    Chapter 11
                                           )    Hon. _____
                Debtor.                    )
                                           )
..................................................................................................
                                           )
In re:                                     )
                                           )    Case No. _____
PIEDMONT AIRLINES, INC.,                   )    Chapter 11
                                           )    Hon. _____
                Debtor.                    )
                                           )
..................................................................................................
                                           )
In re:                                     )
                                           )    Case No. _____
MATERIAL SERVICES COMPANY, INC.,           )    Chapter 11
                                           )    Hon. _____
                Debtor.                    )
                                           )
```
_____

**ORDER GRANTING MOTION TO AUTHORIZE JOINT ADMINISTRATION OF CASES
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)**

THIS MATTER having come before this Court upon the Motion to Authorize Joint Administration of Cases Pursuant to Federal Rule of Bankruptcy Procedure 1015(b) (the "Motion"),[1] wherein US Airways Group, Inc. ("Group") and four of its subsidiaries and affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[2] moved this Court for an order authorizing the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only, the Court finds that (i) it has jurisdiction over the matters raised in the Motion

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

[2] The Debtors are the following entities: US Airways, Inc., US Airways Group, Inc., PSA Airlines, Inc., Piedmont Airlines, Inc. and Material Services Company, Inc.

2

pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iii) the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors, (iv) proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary, and (v) good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion.  Therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED.

2. The above-captioned cases are consolidated for procedural purposes only and shall be administered jointly under Case No. **[_____]** in accordance with the provisions of Federal Bankruptcy Rule 1015(b), and the joint caption of the cases shall read as it appears immediately below:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. _____ |
| US AIRWAYS, INC., <u>et al.</u>, | ) | Jointly Administered |
| | ) | Chapter 11 |
| Debtors. | ) | Hon. _____ |
| | ) | |
| _____ | ) | |

3. Subject to paragraph 4 of this order, all original pleadings shall be captioned as indicated in the preceding decretal paragraph, all original docket entries shall be made in the case of US Airways, Inc., Case No. **[_____]**, and a docket entry shall be made in the other Debtors' chapter 11 cases substantially as follows:

3

          An order has been entered in this case consolidating this case with the case of US Airways, Inc., Case No. [_____] for procedural purposes only and providing for its joint administration in accordance with the terms thereof.

4. All schedules of assets and liabilities, statements of financial affairs, and proofs of claims shall be captioned and filed in each of the Debtors' respective, separate cases, as appropriate. All other documents shall be captioned and filed solely in the lead case unless otherwise ordered by the Court.

Dated: Alexandria, Virginia
        _____, 2004

                                                         _____
                                                      UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Brian P. Leitch, Esq.
Daniel M. Lewis, Esq.
Michael J. Canning, Esq.
ARNOLD & PORTER LLP

370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
(303) 863-1000
      - and -
555 Twelfth Street, NW
Washington, DC 20004
(202) 942-5000
      - and -
399 Park Avenue
New York, New York 10022
(212) 715-1000

      - and -


_____
Lawrence E. Rifken, Esq. (VSB No. 29037)
Douglas M. Foley, Esq. (VSB No. 34364)
David I. Swan, Esq.
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102-4215
(703) 712-5000

*Counsel to the Debtors and
Debtors-in-Possession*

5

# **EXHIBIT B**

## **Corporate Organizational Chart**



\\FIN\202695

1